UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HOLLY MANFREDI,
an individual,

      Plaintiff,

v.

Case No.:

ROCKET MORTGAGE, LLC,
a/k/a QUICKEN LOANS,
a foreign limited liability company,

      Defendant.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, HOLLY MANFREDI (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, ROCKET MORTGAGE, LLC, a/k/a QUICKEN LOANS, (hereinafter, "Defendant"). In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1. This is an action brought by an individual consumer for damages for Defendant's violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq*. (hereinafter, the "FCRA") wherein Defendant credit-reported and subsequently verified its credit reporting of an alleged balance due on a consumer mortgage loan account on Plaintiff's consumer credit reports and in Plaintiff's consumer credit files as maintained by Equifax Information Services LLC (hereinafter, "Equifax"). More specifically, despite Plaintiff receiving a discharge order in her

1

bankruptcy case—eliminating her personal liability with respect to any amount owed to Defendant—and despite Plaintiff repeatedly advising Defendant of its errors and repeatedly disputing Defendant's reporting of such erroneous information directly to Equifax, Defendant *continued* to report a Quicken Loans account with a significant alleged balance due on Plaintiff's consumer credit reports and in Plaintiff's consumer credit files as maintained by Equifax, failed to note or indicate that the account was included in and discharged through Plaintiff's bankruptcy case, and failed to mark the account as disputed in violation of the FCRA.

## JURISDICTION, VENUE & PARTIES

2. Jurisdiction of this Court arises under 28 United States Code, Section 1331 as well as pursuant to the FCRA, 15 United States Code Section 1681 *et seq*.

3. Defendant is subject to the jurisdiction of this Court as Defendant regularly transacts business in this District.

4. Venue is proper in this District as the acts and transactions described herein originated in this District, Plaintiff filed her bankruptcy case in this district, and Plaintiff received a discharge order through her bankruptcy case in this district.

5. At all material times herein, including when Plaintiff contracted with Defendant, filed her bankruptcy case, and received her discharge order, Plaintiff is a natural person residing in Polk County, Florida.

6. At all material times herein, Defendant is a national association with its principal place of business located at 1050 Woodward Avenue, Detroit, MI 48226.

## GENERAL ALLEGATIONS

7. At all material times herein, Plaintiff is an alleged "consumer" as defined by the FCRA, Section 1681a(c) because she is an individual and allegedly obligated to pay a debt.

8. At all material times herein, Defendant is a "person" who furnishes information to credit reporting agencies as provided in the FCRA and as defined by 15 United States Code, Section 1681s-2.

9. At all material times herein, Defendant reports information concerning a consumer mortgage loan account furnished by Quicken Loans and referenced by account number ending -6564 (hereinafter, the "Account").

10. At all material times herein, Defendant furnishes, reports, and publishes specific details of consumers alleged outstanding or delinquent debt accounts to compel or coerce the consumer to either satisfy an alleged balance owed, or suffer the consequences of delinquent accounts, such as higher interest rates on consumer loans or complete denial of credit.

11. At all material times herein, Defendant acts themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

12. All necessary conditions precedent to the filing of this action occurred, or Defendant waived or excused the same.

## FACTUAL ALLEGATIONS

## PLAINTIFF'S BANKRUPTCY CASE AND DISCHARGE ORDER

13. On or about April 3, 2019, Plaintiff filed a voluntary Chapter 7 bankruptcy case in the Middle District of Florida, Tampa Division, identified by case number 8:19-bk-03073-CPM (hereinafter, "Bankruptcy Case").

14. Plaintiff listed Quicken Loans in her Bankruptcy Case and bankruptcy schedules as a secured creditor with respect to her residential mortgage loan. Please see attached true and correct copies of relevant pages from Plaintiff's Chapter 7 Bankruptcy Petition labeled as Exhibit "A."

15. On or about April 6, 2019, the United States Bankruptcy Court electronically sent a Notice of Chapter 7 Bankruptcy Case (hereinafter, "Bankruptcy Notice") to Plaintiff's creditors, including but not limited to Defendant. Please see attached a true and correct copy of said Bankruptcy Notice with the corresponding mailing matrix labeled as Exhibit "B."

16. Defendant received the Bankruptcy Notice.

17. Plaintiff did not reaffirm the mortgage loan—owed to Quicken Loans— through her Bankruptcy Case.

18. On or about July 9, 2019, the United States Bankruptcy Court entered an order of discharge (hereinafter, "Discharge Order") in Plaintiff's Bankruptcy Case. Please see attached a true and correct copy of the Discharge Order labeled as Exhibit "C."

19. The Discharge Order eliminated Plaintiff's personal liability with respect

to any balance owed to Quicken Loans on the mortgage loan account (i.e., the Account).

20.     As such, as of July 9, 2019, and pursuant to a court order, Plaintiff did not personally owe a balance to Quicken Loans on the Account.

21.     On or about July 12, 2019, the United States Bankruptcy Court sent a copy of the Discharge Order to Defendant.

22.     Defendant received the Discharge Order.

23.     As such, as of July 31, 2019 at the latest, Defendant received notice and possessed actual knowledge that Plaintiff did not owe a balance on the Account.

## DEFENDANT'S CREDIT REPORTING OF THE ACCOUNT AND PLAINTIFF'S DISPUTES PURSUANT TO THE FCRA

24.     On or before February 4, 2020, Plaintiff obtained a copy of her credit disclosure report from Equifax Information Services LLC (hereinafter, "Equifax") and Plaintiff learned that Defendant and Equifax were reporting the discharged Quicken Loans Account as open with a balance owed in excess of $151,000.00.

25.     On or about April 24, 2020, Plaintiff sent a letter to Defendant and Equifax, with the assistance of her attorney, disputing Defendant's reporting of the Quicken Loans Account (hereinafter, "First Dispute"). Please see attached a true and correct copy of said First Dispute labeled as Exhibit "D."

26.     More specifically, Plaintiff's First Dispute advised Defendant and Equifax that Plaintiff filed her Bankruptcy Case, included the Quicken Loans Account, and received a Discharge Order. *See* Ex. D.

5

27. Based on such information, Plaintiff's First Dispute advised that the Account should not be reported with a balance in excess of $151,000.00, and instead, *should* be reported as "closed" with a zero-dollar ($0.00) balance due and past-due, and noted as discharged through Plaintiff's Bankruptcy Case. *See* Ex. D.

28. Defendant received Plaintiff's First Dispute.

29. Upon information and belief, Equifax did not communicate Plaintiff's First FCRA Dispute to Defendant.

30. Following Plaintiff's First Dispute, Defendant and Equifax continued to report the Account as open with an alleged balance due in excess of $151,000.00, failed to mark or otherwise notate that the Quicken Loans Account was included in and discharged through Plaintiff's Bankruptcy Case, and failed to mark the Quicken Loans Account as disputed.

31. On or about June 11, 2021, Plaintiff sent another letter to Equifax, with the assistance of her attorney, *again* disputing Defendant's reporting of the Quicken Loans Account (hereinafter, "Second Dispute"). Please see attached a true and correct copy of said Second Dispute labeled as Exhibit "E."

32. Plaintiff's Second Dispute again advised that Plaintiff filed her Bankruptcy Case, listed the Quicken Loans Account, and received a Discharge Order. *See* Ex. E.

33. Furthermore, Plaintiff enclosed copies of her driver's license and redacted social security card with her Second Dispute.

34. Based on such information, Plaintiff's Second Dispute advised that the

Account should not be reported with a balance in excess of $151,000.00, and instead, *should* be reported as "closed" with a zero-dollar ($0) balance due and past-due, and *should* be noted as discharged through Plaintiff's Bankruptcy Case. *See* Ex. E.

35. Equifax received Plaintiff's Second Dispute.

36. After receiving Plaintiff's Second Dispute, Equifax communicated Plaintiff's Second Dispute to Defendant through an Automated Consumer Dispute Verification (ACDV), which included Equifax's summary of the Second Dispute stating "ACCOUNT INCLUDED IN BANKRUPTCY."

37. On or about May 18, 2020, Defendant responded to Equifax's ACDV wherein Defendant verified and/or failed to update its reporting of the Account and continued to report the Account with an alleged balance due in excess of $151,000.00, and failed to mark or otherwise notate that the Quicken Loans Account was included in and discharged through Plaintiff's Bankruptcy Case.

38. On or about March 9, 2021, Plaintiff sent another letter to Equifax and Defendant, with the assistance of her attorney, *again* disputing Defendant's reporting of the Quicken Loans Account (hereinafter, "Third Dispute"). Please see a true and correct copy of Plaintiff's Third Dispute labeled as Exhibit "F."

39. Plaintiff's Third Dispute again advised Defendant and Equifax that Plaintiff filed her Bankruptcy Case, listed the Quicken Loans Account, and received a Discharge Order. *See* Ex. F.

40. Defendant received Plaintiff's Third Dispute.

41. Equifax received Plaintiff's Third Dispute.

42. Following Plaintiff's Third Dispute, Defendant and Equifax continued to report the Account as open with an alleged balance due in excess of $151,000.00 and failed to mark or otherwise notate that the Quicken Loans Account was included in and discharged through Plaintiff's Bankruptcy Case.

43. On or about June 11, 2021, Plaintiff sent another letter to Equifax, with the assistance of her attorney, *again* disputing Defendant's reporting of the Quicken Loans Account (hereinafter, "Fourth Dispute"). Please see a true and correct copy of Plaintiff's Fourth Dispute labeled as Exhibit "G."

44. Plaintiff's Fourth Dispute again advised Defendant and Equifax that Plaintiff filed her Bankruptcy Case, listed the Quicken Loans Account, and received a Discharge Order. *See* Ex. G.

45. Equifax received Plaintiff's Fourth Dispute.

46. After receiving Plaintiff's Fourth Dispute, Equifax communicated Plaintiff's Fourth Dispute to Defendant through an Automated Consumer Dispute Verification (ACDV), which included Equifax's summary of the Second Dispute stating "ACCOUNT INCLUDED IN BANKRUPTCY."

47. On or about June 29, 2021, Defendant responded to Equifax's ACDV, and although Defendant finally updated its reporting of the Account to show as included in Plaintiff's Bankruptcy Case, Defendant verified and/or failed to update its reporting of the Account and continued to report the Account as open with an alleged balance due in excess of $152,000.00.

48. Defendant's reporting of a balance to Equifax is inaccurate as any debt

8

Plaintiff personally owed to Defendant was eliminated when the United States Bankruptcy Court entered the Discharge Order in Plaintiff's Bankruptcy Case.

## DAMAGES

49. As a result of Defendant's reporting of the Account, Plaintiff further dealt with the stress and anxiety of feeling hopeless, believing that she will be denied credit as a result of the erroneous and incorrect reporting of the Account if she needs to obtain credit in the near future, and that Plaintiff would either be denied credit or pay higher interest rates in the event she could obtain financing.

50. In fact, following the Discharge Order entered in Plaintiff's Bankruptcy Case, Plaintiff applied for credit with American Express, Citibank, Discover Bank, and JPMorgan Chase Bank, and each potential creditor denied Plaintiff's credit application.

51. Overall, Plaintiff suffered damage to her credit reputation as a result of Defendant's conduct.

52. As a result of Defendant's conduct, actions, and inactions, Plaintiff was denied credit and was deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendant's derogatory and continued reporting of the Account, she did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account with erroneous and misleading information.

53. Additionally, as a result of Defendant's actions, Plaintiff suffered

9

emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite Plaintiff's exhaustive efforts to remedy Defendant's reporting errors, Plaintiff must simply endure Defendant's inaccurate and unlawful reporting of the Account.

54. Plaintiff retained Swift Law PLLC as well as The Hubbard Law Firm, PLLC for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

55. The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

## COUNT ONE:
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681s-2(b)

Plaintiff re-alleges paragraphs one (1) through fifty-five (55) as if fully restated herein and further states as follows:

56. Defendant is subject to, and violated the provisions of, 15 United States Code, Section 1681s-2(b), by willfully and/or negligently publishing or furnishing inaccurate trade-line information within Plaintiff's credit reports, failing to fully and properly re-investigate Plaintiff's disputes, failing to review all relevant information regarding the same, and failing to request that Equifax delete the Account from Plaintiff's credit reports and credit file after re-investigating Plaintiff's repeated disputes.

10

57. As described above, Plaintiff was not and is not personally liable for any amount owed on the Account because the Account balance was discharged through Plaintiff's Bankruptcy Case.

58. Defendant received notice of at least two (2) of Plaintiff's disputes via Equifax and Defendant received at least two (2) dispute letters directly from Plaintiff.

59. Despite Defendant receiving notice of Plaintiff's disputes from Plaintiff and Equifax, Defendant willfully and/or negligently failed to request that Equifax update the tradeline associated with the Account, continued to report the Account with a balance in excess of $151,000.00, and failed to mark or indicate that the Account was discharged through Plaintiff's Bankruptcy Case in response to at least one of Plaintiff's disputes.

60. Defendant's refusal to request that Equifax update the tradeline associated with the Account following Plaintiff's repeated disputes was intentionally, willfully, and knowingly done as Defendant clearly possessed knowledge that the Account was discharged through Plaintiff's Bankruptcy Case and Quicken Loans received copies of Plaintiff's disputes from Plaintiff directly.

61. In fact, following Plaintiff's Fourth Dispute, Defendant finally updated its reporting of the Account to show that it was included in Plaintiff's Bankruptcy Case.

62. Defendant's re-investigations were not conducted in good faith.

63. Defendant's re-investigations were not conducted reasonably.

64. Defendant's re-investigations were not conducted using all information and documents reasonably available to Defendant.

65. Following Defendant's purported investigations, Defendant continued to report inaccurate information, specifically, that Plaintiff owed a balance on the Account and that the Account was still open with respect to Plaintiff.

66. As a result of Defendant's conduct, actions, and inactions, Plaintiff was denied credit, suffered damage to her credit reputation and credit worthiness, was deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendant's derogatory and continued reporting of the Account, did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account with a balance owed and past-due.

67. Defendant's conduct was a direct and proximate cause of, as well as a substantial factor in, causing the serious injuries, damages, and harm to Plaintiff as stated herein.

68. Defendant's actions in violation of 15 United States Code, Section 1681s-2(b), constitute negligent or willful noncompliance, or both, with the FCRA, and entitles Plaintiff to actual damages, statutory damages, and punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendant's conduct, Plaintiff respectfully requests an entry of:

    a. Judgment against Defendant for maximum statutory damages for

violations of the FCRA;

    b.    Actual damages in an amount to be determined at trial;

    c.    Compensatory damages in an amount to be determined at trial;

    d.    Punitive damages in an amount to be determined at trial;

    e.    An award of attorney's fees and costs; and

    f.    Any other such relief the Court may deem proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

### SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT LAW PLLC**

*/s/ Aaron M. Swift*
**Aaron M. Swift, Esq., FBN 0093088**
Jordan T. Isringhaus, Esq., FBN 91487
Sean E. McEleney, Esq., FBN 125561
8380 Bay Pines Blvd.
St. Petersburg, FL 33709
Phone: (727) 490-9919
Fax: (727) 255-5332
aswift@swift-law.com
jisringhaus@swift-law.com
smceleney@swift-law.com
jmurphy@swift-law.com
Co-Counsel for Plaintiff

~and~

**THE HUBBARD LAW FIRM, PLLC**
**James R. Hubbard, Esq., FBN 121405**
120 E Pine Street, Suite 7
Lakeland, FL 33801
Phone: (863) 617-5206
lawofficeofjameshubbard@gmail.com
*Co-Counsel for Plaintiff*